UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH L. McINTYRE        ]
    Plaintiff,            ]
                           ]
v.                         ]      No. 3:04-0361
                           ]      Judge Trauger
OFFICER NAPOLEON HOWELL    ]
    Defendant.            ]

M E M O R A N D U M

On May 16, 2005, the Magistrate Judge issued a Report and Recommendation (Docket Entry No. 30) in which she urges the Court to deny the defendant's Motion to Dismiss (Docket Entry No. 21).[1] The defendant has filed timely objections (Docket Entry No. 31) to the Report and Recommendation. For reasons other than those articulated by the Magistrate Judge, the Court finds no merit in the defendant's objections. Accordingly, the Report and Recommendation shall be adopted and approved.

The plaintiff currently resides in Murfreesboro, Tennessee. On July 8, 2003, however, he

---

[1] Pursuant to Rule 12(b), Fed. R. Civ. P., where matters outside the pleadings have been submitted for the Court's consideration of a motion to dismiss, the Court *shall* treat the motion as a motion for summary judgment and shall give the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In this case, the defendant refers to matters outside of the plaintiff's complaint, i.e., two affidavits (Docket Entry Nos. 22 and 23). For that reason, the Magistrate Judge chose to treat the Motion to Dismiss as a motion for summary judgment. However, the Motion to Dismiss can be properly addressed without going beyond the complaint. Therefore, the Motion to Dismiss should not have been construed as a motion for summary judgment.

1

was an inmate at "the correctional work center on harding place in Nashville, Tn.." Docket Entry No. 1 at pg. 5. On that date, the defendant allegedly slammed the plaintiff into a metal bunk bed and cut his nose. The plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983 asserting that the unprovoked attack violated his constitutional rights.

In his Motion to Dismiss, the defendant claims that the plaintiff has failed to first exhaust all available administrative remedies before filing this action. He has provided affidavits in support of the motion which state that prisoners such as the plaintiff were given inmate handbooks describing the grievance process (Docket Entry No. 22) and that a review of the grievance records during the time that the plaintiff was confined reveal that he never filed a grievance against the defendant for this incident (Docket Entry No. 23).

The plaintiff has submitted a Response to the Motion to Dismiss (Docket Entry No. 26) in which he swears under oath that he did file a grievance against the defendant for his misconduct. He claims, however, that he "never heard anything" as to the disposition of the grievance. Docket Entry No. 1 at pg. 3.

A *prisoner* may not bring any suit with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A *prisoner* is defined as

> any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C. § 1997e(h).

At the time the complaint was prepared and signed (12/31/03), the plaintiff was an inmate at the

2

Rutherford County Adult Detention Center. There is a notation on the back of the complaint, however, stating that the plaintiff was released from custody on February 23, 2004. The complaint was not filed until April 26, 2004. Consequently, the plaintiff was not "incarcerated or detained" at the time that he initiated this action. The exhaustion requirement of the Prison Litigation Reform Act does not apply to actions filed by former prisoners. Ahmed v. Dragovich, 297 F.3d 201, 210, n. 10 (3rd Cir. 2002). Therefore, any alleged failure on the part of the plaintiff to exhaust his administrative remedies would not constitute a proper basis for dismissal of this action.

Accordingly, the Report and Recommendation will be adopted and approved for reasons other than those articulated by the Magistrate Judge and defendant's Motion to Dismiss will be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge