IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


KENNETH L. MCINTYRE                     )
                                        )
        v.                              )        NO. 3:04-0361
                                        )
OFFICER NAPOLEON HOWELL                 )


TO:  Honorable Aleta A. Trauger, District Judge


## R E P O R T   A N D   R E C O M E N D A T I O N

By order entered April 29, 2004 (Docket Entry No. 3), this action was referred to the

Magistrate Judge for pretrial management under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the

Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the defendant's motion to dismiss (filed November 29,

2005; Docket Entry No. 44).  For the reasons set out below, the Court recommends that the motion

be granted and this action be dismissed.


## I.  BACKGROUND

The plaintiff, who currently resides in Murfreesboro, Tennessee, was an inmate at the

Metro/Davidson County Correctional Work Center ("Work Center") during July of 2003.  The

plaintiff alleges that, on July 8, 2003, he was slammed into a metal bunk bed by Correctional Officer

Napoleon Howell and suffered injuries which required treatment at a hospital.  He filed this action pro

se and in forma pauperis under 42 U.S.C. § 1983, asserting that his constitutional rights had been

violated and seeking damages from the defendant in his official and individual capacities.

The defendant filed an answer (Docket Entry No. 36), and a scheduling order (Docket Entry

No. 37) was entered.  By order entered December 16, 2005 (Docket Entry No. 50), the plaintiff's

official capacity claim against the defendant and any claim against the Metropolitan Government of Nashville and Davidson County were dismissed.

On November 29, 2005, the defendant filed a motion to dismiss for lack of prosecution (Docket Entry No. 44) and a motion to compel (Docket Entry No. 46) the production of discovery from the plaintiff. In both motions, the defendant asserted that the plaintiff had not responded to written discovery requests served upon him in August and September, 2005, and had not responded to three letters sent to him inquiring about the discovery.

The plaintiff filed a response (Docket Entry No. 49) in which he asserted that he had been "ill and attending extensive outpatient treatment for mental and medical stress." He requested an "extension in this process."

By order entered December 23, 2005, the Court granted the defendant's motion to compel, denied the plaintiff's request for an indefinite extension of time, and directed that the plaintiff respond to the written discovery within 20 days. The defendant's motion to dismiss for failure to prosecute was taken under advisement pending resolution of the discovery issue. The plaintiff was advised that his failure to comply with the order and provide discovery responses as directed could result in a recommendation that this action be dismissed.

On January 12, 2006, the defendant filed a notice (Docket Entry No. 54), stating that the plaintiff had not provided discovery responses as ordered by the Court and renewing his request that the previously filed motion to dismiss be granted. To date, the plaintiff has not filed a response to the defendant's notice.

2

## II. MOTION TO DISMISS

Rule 37(b) of the Federal Rules of Civil Procedure provides that a court may make such orders "as are just" when a party fails to obey an order to provide discovery. The Court is given the discretion to impose any sanction authorized under Rule 37(b)(2), which include but are not limited to:

. . .

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

. . .

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. The imposition of sanctions, or the type of sanctions imposed, are within the sound discretion of the court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976); Regional Refuse Systems v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, Link v. Wabash Railroad Co., 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to respond to written discovery requests, failure to comply with the Court's order, and failure to respond to the defendant's notice indicate that he has lost interest in prosecuting this action and has chosen to disregard the order of this Court. The action should be dismissed with prejudice due to the plaintiff's willfulness and fault in failing to comply with discovery and in disregarding the Court's order entered December 22, 2006. Dismissal of the action with

3

prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the defendant to face the prospect of defending a future action based on allegations which he has attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendant caused by the plaintiff's conduct.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the defendant's motion to dismiss (Docket Entry No. 44) be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

4